Number 181011 Mark Mancini v. City of Providence Good morning, members of the court. Mark Gagliardi on behalf of Plaintiff Appellant Mark Mancini. This is a case about a police officer with an exemplary track record of performance who got a zero on a promotional exam that resulted in him not being promoted. A police officer who 14 months earlier received an exceptional rating on a performance review. A police officer who got a five the last time he took this promotional exam. Mr. Gagliardi, I don't mean to be rude, but give us credit for knowing the briefs and the facts. I wish you'd start off by making clear something that's not clear from the briefs. It's evident that your client was taken off light work after his injury and his return to work. He was on light duty. He was taken off light duty in August of 2011. I am unclear as to what happened between August of 2011 and July of 2012. Did he continue working for the city during that period? If so, did he continue working on regular duty or on light duty? And where do I find the answer to that question in the record? He was on IOD status during that time period. He was not working. He was not working at all? No. He was injured on duty status at the time he sat for the promotional exam. But your honor, the reason I'm bringing up these facts is, and I understand you're all familiar with the facts, Judge Smith makes much ado about, well, you know, the award of the zero was the subjective belief of the police chief, and he's entitled to it. But you know, you don't get to the award of zero until you get past the prima facie case. All right? Correct. So we've got an issue in this case as to whether there's even a prima facie case here of disability discrimination. All right? Judge Smith said there is no probative evidence of disability, therefore, no prima facie case. All right? I have a further question. I obviously want to hear what you have to say about that. Judge Smith hinged that decision on the absence of any medical evidence at the summary judgment stage. But what I want to hear is, is what probative evidence there is in the record that any disability Mr. Mancini may have had significantly limited a major life activity. Fair enough. Which is the second element of the problem. Fair enough. Let me just explain how the case got before Judge Smith. Plaintiff actually moved for summary judgment, and we had a conference with Judge Smith, and the sole issue was whether or not the defendants had met their burden of production under the second prong of McDonnell Douglas. There was no discussion about disability. Is there a couple for summary judgment? Correct. And it was one paragraph, he's not disabled. It was not an issue. In the interest of full disclosure, we could have done a more comprehensive job of establishing. But I've asked you a question as to, in order for us to say that Judge Smith made an error in granting the city's motion for summary judgment, we would have to be able to say there is probative evidence on each element of the prima facie case sufficient to get Mr. Mancini's case to a jury. And I've asked you specifically about what I view as the second element of the prima facie case. What evidence there is in the record, probative evidence, that this disability significantly limited Mr. Mancini's major life activities? So under the actual disability prong, the evidence is he had pending an application  And my argument is, if somebody is moving or asking to be put on accidental disability because of a knee injury, they necessarily are substantially limited in the major life activity. That doesn't follow, particularly in a circumstance like this where that application is denied. But your honor, then why would somebody file an accidental disability application if they were not substantially limited in any major life activity? Because they were mistaken. I mean, you know, usually we have evidence in this case that says the major life activity I'm substantially limited in is lifting. And we have a doctor who comes in and says this man, because of his injury, can't lift more than 10 pounds. He can't walk more than 20 feet. He can't run. Whatever the limitation is, I think that I've looked at this record pretty carefully and I can't find in the summary judgment record any evidence other than conclusory statements of any significant limitation of a major life activity. To the extent there's no evidence of a disability, it would be to the actual disability prong. And I would concede we could have done a more comprehensive job proving that. By a more comprehensive job, you mean you could have put in some evidence? Your honor, once again, the way this came about, it was not an issue. I don't care how it came about. I care what the record shows. Well, it is what it is at this point, your honor. That's right. So what do we then do? If there's no evidence of significant limitation, what do we then do? We look at the regarded as prong. And you're not required under the law to prove that he's substantially limited. I understand that. So let's look at the regarded as prong. Where in the record does it show a developed presentation of the regarded as prong in the district court? He's required to prove that he had a- I know what he's required to prove, but hear me out, Mr. Gagliotti, because I'm not hostile to you. I'm searching for answers. I don't think you're being hostile. It is a plaintiff's burden on summary judgment to make to the district court a developed argument as to each theory of the case that he wishes to preserve for appeal. I've looked at your filings in the district court, all right, your memoranda on summary judgment, your statement of material facts not in dispute, your response to the city's statement of material facts. I don't find a developed argument under the regarded as prong. I find a developed argument under the disability, actual disability prong, but not under the regarded as prong. And so I'd like you to point me to something in the record that shows that I missed something. He has to prove he has a physical impairment, he had a knee injury, and that it's not transitory in minor. That's it. You're missing the point. You have to show me that you made the regarded as argument to the district court in a coherent form. Where in the record do I find that? I'm confident we made that argument before Judge Smith. It was before him. Apparently the city didn't think you made that argument because their memorandum in opposition to your motion for summary judgment doesn't even mention regarded. Your Honor, then why did Judge Smith use, why was that the basis of his denial then or granting of the motion? He's the one that brought up the regarded as prong. That's right. He did. Right. And he cited the wrong standard. And so if we didn't make the argument, why is that an issue before the court? But I can't criticize the district court for trying to be overly thorough. He answered your case and then he went on to denote his thoughts about record of impairment and regarded as. But I get back to my question, you know, I'm looking for help here. I'm not looking to argue for you. If you made this argument face up and squarely in the district court and I've missed it, I want to know about it because it may preserve this man's case. But if you didn't make this argument, then in the district court, face up and squarely, then you can't make it to us. That's where we're at. Your Honor, respectfully, had we made the argument, Judge Smith applied the wrong legal standard anyway. So we'd be in the same position. It doesn't matter what legal standard Judge Smith applied because it's De Novo Review. All right. So so I take it that you can't point me to any place I can't write. I can't write it. This is your honor. But I'm pretty sure it was either in one of our replies. It may have been in our you know, it may have been in our motion for summary judgment. That's before the court. Do you recall whether in your motion you referenced the fact that he was on IOD status? Absolutely. That was our entire argument. It's all over. Okay. But but that wasn't for the purpose of showing that he was regarded as by the city. We argued he was disabled within the meaning of the law. And we talked about the regarded as prime. We talked about the record of a disability, the actual disability. We focused more on the actual disability is my recollection. Thank you. Thanks. May it please the court, I'm Kevin McHugh. I represent the defendant appellee and I'm asking you to affirm the judgment below of Judge Smith and the arguments below in the summary judgment focused on the actual disability. And to answer Judge Selya's question, the only evidence that was put forth in the district court was the self-serving affidavit of the plaintiff, which we've seen in so many of these cases that we've cited, which the First Circuits and others have said. Which of Judge Selya's questions were you answering? He asked about a record of disability regarded as in the district court. I think the only evidence put forth disability was an attempt to show an actual disability by using the self-serving affidavit of the plaintiff. What about the evidence of the fact that he was on IOD status? That doesn't tell you anything about regarded as? It really doesn't, Your Honor, because regarded as, you still have to have a disability which would substantially limit these various basic life activities. And there's no discussion or definition in any of the papers of what is required under IOD. It's a different standard. But the statute says that one of the major life activities is doing your job. Correct. And we have to remember, when you bring up doing your job, and Judge Selya mentioned that, Sergeant Mancini worked light duty for a while. So there was a period of time after the knee injury that he was working light duty, and then he went back out on IOD again. What about the evidence that he was told that he had to file for disability? Well, he said that in his deposition, but there was no other evidence of it. His evidence is evidence. Well, it might, right. It might be helpful if I could explain the way the system works. You only have 18 months to file for a disability pension after the injury. And if you don't have any medical that says you can come back full duty during that period of time, then the city can actually apply you for a disability, rather than you doing it itself. So his testimony is he was told that he would either be able to do it himself, or as you just mentioned, the city would do it for him. Why isn't that evidence of the city regarding him as disabled? Well, that's a good question because, you know, and I'm jumping ahead here, what my argument was. But this is an unusual case as far as a decision maker. How many municipal government cases do we have where we have a single decision maker? In this case, under the contract, really what's important is what Colonel Clements thought, what he knew, what he regarded, because he alone was making the decision under the contract on how many points you get for the chief's points. But Mr. McHugh, you're mixing apples and oranges, right? You started off on the prima facie case requirement, right? If you're now switching over to pretext, if the plaintiff actually made out a prima facie case, pretext is a completely different issue, because I suspect that the evidence on pretext may be sufficiently in conflict as to create a genuine issue of material fact. I thought that the questions up to this point had been on the prima facie case requirement. It has been, Your Honor. Your Honor is correct. But the reason I mentioned that was when Judge Thompson asked about the regarded as, who regarded it that way. How could the city have regarded it as a disability when they denied the disability pension? He didn't get it. So if we want to look at it that way, from the city's point of view as an entity, they didn't regard him as disabled because they turned it down. And after the fact decision doesn't mean that they didn't regard him at the time, simply because another entity denied it. Well, again, and I know you're right, Judge Selle, this goes to the burden of production. Who are we talking about regarded it? The city couldn't have regarded it as a, he applied himself with a disability pension. But under the ADA and the applicable amendments, the critical datum is how the police department regarded him. That's not necessarily got anything to do with how the retirement board or whatever entity passed on his disability claim regarded him. And Judge Thompson is absolutely right that you would think logically that telling someone to apply for a disability pension would be evidence that he was regarded as disabled. But the letter in the joint appendix for the disability pension was written by Sergeant Mancini asking for it upon himself. He didn't wait for the city to do that. His testimony is that he was told you do it or we're going to do it for you and you just confirmed that that's the procedure. That is a procedure, but he did it on his own. He had time to go before that period of time ran out. And we're talking about two different things for disability, I think. Regarded as disability under the IOD statute, the Rhode Island statute, is different from IOD or disability under the ADA. It's a stricter standard under the ABA than it is under state law, I think. And so I don't see how one equals the other. I don't see how applying for an accidental disability or putting on injured on duty status equals a disability under the ADA. But for regarded as purposes, it doesn't have to equal a disability. It just means that your employer considered you disabled, whether you had a cognizable disability or not, right? And it would seem to me that what Judge Thompson has pointed to might very well be evidence that the police department, assuming we have to take the facts as the plaintiff's version of the facts, that the police department regarded him as disabled. Why else would they tell him to apply for a disability pension? But, Your Honor, it doesn't have to be disabled under the act rather than under the statute. I understand that. I'm sorry, Your Honor? It doesn't have to be disabled at all. Under regarded as. Right. It's actual or perceived. Correct. Correct. But, and don't forget, he wasn't working late duty for a while. So there was a period of time where he was doing the late duty. So I think that the regarded as argument wasn't really fleshed out in the district court. I think it was mentioned, but it really wasn't fleshed out. The plaintiff in this case was relying on the actual disability prompt, and I think the actual disability prompt fails no matter how you cut it. To have a self-serving hearsay affidavit with the diagnosis and... So are you saying we should regard it as waived or forfeited? Waived. Because he brought it up enough to have abandoned it? Yes. Where's that in the record? Well, I think you'd have to look at the summary judgment memos. There was no oral argument on this. There were the memos. I think you have to look at the memos, and there's not much in the summary judgment memo as the regarded as. I think Judge Smith was being thorough in his decision to go one step further and to use a regarded. The case always came in on summary judgment as an actual disability case. But there's no medical evidence to support that, obviously. And to put it in a conclusory affidavit, this affected my life activities, major life activities on the part of the plaintiff, is inadmissible, and it's nowhere in any of the cases that I looked at was that enough to carry the day from the proving of a disability. Do you think the district court was right that you have to have medical evidence to get past summary judgment in an actual disability case? I think the district court was right in the respect that there's a caveat to that, such as mentioned in one of the cases, if someone is missing an arm or a limb, you don't need medical evidence to show... Well, I don't even know what that diagnosis is. I mean, a knee could be a sprain. It doesn't have to be a diagnosis. It's just my knee doesn't work right, and I can't do X, Y, or Z. I don't think it's enough to say my knee doesn't work right. I think you have to have a medical diagnosis for that kind of injury. Do you have any case law that says that? Because my understanding of the ADA is that you don't have to have a medical diagnosis. Well, the cases, when you look at the Felken case... Yeah, but the Felken case is a causation case. It involves an internal condition, and the question is, can that cause a disability of the kind that the plaintiff complained about? That's not like... Saying my knee doesn't work right is much more like the case of the fellow who's got the missing arm. Well, there's no more... But I'm suggesting that in some cases, you don't need medical causation, all right? The fellow with the missing arm doesn't need medical evidence to show that he's substantially limited in the major life activity of lifting. I agree, but there's a major difference between missing an arm and having a knee that hurts. Those are two very different things, and we certainly don't have any evidence of causation from the knee injury causing a substantial limitation on the basic life activities either in this case, because we only have that one self-serving hearsay affidavit. So I'd ask that the judgment below be affirmed. Very well. Thank you.